IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BILLY G. BROWN,

                              Petitioner,

              v.                          CASE NO. 10-3029-SAC

JOHNNY GODDARD, et al.,

                              Respondents.

`

## MEMORANDUM AND ORDER

Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254.  Having reviewed the record which includes respondents' answer and the state court record, the court denies the petition.

Petitioner was convicted in Shawnee County District Court of voluntary manslaughter, for which he is serving a 247 month prison sentence.  In seeking federal habeas corpus relief, petitioner contends in his first and second grounds that he was denied his constitutional right to a fair and impartial trial.  Asserting that another person (Cecil "June Bug" Clayton) murdered the victim, petitioner claims the State failed to adequately investigate the case, the evidence against him is uncorroborated hearsay, and the district court interfered with petitioner's right to present a defense.  In his third and fourth grounds, petitioner contends he was denied the effective assistance during trial and his direct appeal.  He claims trial counsel failed to object to uncorroborated hearsay, failed to

raise objections on constitutional grounds, failed to subpoena Clayton for cross examination, and failed to investigate a proper defense.    Petitioner further claims appellate counsel in petitioner's direct appeal failed to challenge trial counsel's performance, and failed to assert that the district court interfered with trial defense strategy by disallowing testimony about Clayton's confession and by allowing uncorroborated hearsay testimony from State witnesses.

### Standard of Review

Federal habeas corpus relief is available under § 2254 only upon a showing that petitioner is in custody in violation of the constitution or laws of the United States.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).   This court cannot correct errors of state law, and is bound by the state court's interpretation of its own law. *Id*.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern a federal court's review of petitioner's claims.  *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).   Under § 2254, as amended by AEDPA, the Court may not grant federal habeas corpus relief unless the applicant establishes the state court's adjudication of the claims resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).  *See also Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). This standard is difficult to meet, because the purpose of AEDPA is to ensure that federal habeas relief functions as a guard against

extreme malfunctions in the state criminal justice systems, and not as a means of error correction. *Greene v. Fisher*, --- U.S. ----, 132 S.Ct. 38, 43-44 (2011) (quotation marks and citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. *See Bell v. Cone*, 535 U.S. 685, 699 (2002); *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir.2012). The "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Because petitioner proceeds pro se, his pleadings are to be liberally construed. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## Background

The state court record provides the following factual background relevant to petitioner's claims.

The jury heard evidence that on the day of the shooting, petitioner and the victim (Paul Ray) argued in the house where petitioner resided with Lori Lyons. Petitioner and Ray left the house together, and shortly thereafter gunshots were heard. Lyons went outside where she and petitioner walked several blocks to the home of petitioner's cousin (Carla Gueary), who testified that petitioner told her that he had shot his friend Ray. Gueary's daughter overheard

this statement.  Ray died from four gunshot wounds.

Petitioner was charged with Intentional Murder in the Second Degree.  The jury returned a verdict on the lesser-included offense of voluntary manslaughter.

In his direct appeal, Brown argued in part that the district court abused its discretion when it excluded proffered hearsay testimony from two people (Glenn Bindley and Mejia Ja-Won Pattillo) briefly housed with Brown in jail prior to Brown's trial who would have testified that Clayton had confessed to wanting to kill, or to having killed, Ray.[1]  The Kansas Court of Appeals ("KCOA") affirmed the conviction, and the Kansas Supreme Court denied further review.  *See State v. Brown*, 114 P.3d 190, 2005 WL 1561037 (Kan.App. July 1, 2005)(unpublished), *rev. denied* (November 1, 2005) (*Brown I*).  The KCOA found no abuse of discretion in the district court's determination that the proffered testimony of Bindley and Pattillo, considered as declarations against Clayton's interests under K.S.A. 60-460(j), was inadmissible because it was unreliable and untrustworthy.[2]

Petitioner thereafter filed a motion under K.S.A. 60-1507 seeking postconviction relief on allegations that appellate counsel in petitioner's direct appeal was ineffective in framing the hearsay

---

[1]Petitioner also argued in his direct appeal that the district court erred in  denying Brown's motion for mistrial, in failing to instruct the jury on the lesser included offense of involuntary manslaughter, and in admitting Brown's statements to police. Brown also argued that cumulative error denied him a fair trial.  *Brown II* at *4.

[2]*Brown I at *4.  See also Brown II* at *3 ("The district court concluded that neither witness would be allowed to testify because the proffered testimony was 'unreliable, vague, and not trustworthy.'").

issue only as evidentiary error, rather than as a violation of petitioner's right to present a defense.  The district court denied the postconviction motion.  The KCOA affirmed that decision, and the Kansas Supreme Court again denied further review.  *Brown v. State*, 198 P.3d 784, 2009 WL 112794 (Kan.App. January 16, 2009)(unpublished), *rev. denied* (September 2, 2009) (*Brown II*).

## Discussion

Underlying the array of grounds asserted in this habeas action is petitioner's contention that the state district court erred in not allowing petitioner to present the proffered testimony of two witnesses.  Petitioner claims the proffered evidence should have been admitted as a declaration against interest, claims the exclusion of this evidence constituted judicial misconduct and denied him his constitutional right to present a defense, and claims the failure to advance this constitutional claim during trial and in petitioner's direct appeal constituted ineffective assistance of counsel. Related to this underlying contention is petitioner's insistence that Clayton killed Ray, and petitioner's various claims and arguments regarding the weight of the evidence against him and the reliability of the proffered testimony that was excluded.  Petitioner also argues the State failed to adequately investigate the killing, and further contends the State's use of "uncorroborated hearsay" failed to satisfy its burden of proving petitioner was the killer.

Upon review of the pleadings and the state court record, the court finds it expedient to first examine petitioner's claim of ineffective assistance of appellate counsel, the sole claim explicitly considered

and decided by the state courts.

### Ineffective Assistance of Appellate Counsel

To be entitled to federal habeas corpus relief on a claim of ineffective assistance of counsel, a petitioner must demonstrate that the state court's adjudication of this claim was an unreasonable application of the two-pronged standard set by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must show that his counsel's performance was deficient, and that the deficient performance was prejudicial. *Id.* at 687.

The first *Strickland* prong requires a showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. *Strickland*, 466 U.S. at 687–88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 688. In making this determination, a court must "judge ... [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *id.* at 690, and review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689.

The second *Strickland* prong requires a showing that this deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

If a petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. *Strickland*, 466 U.S. at 700.  Thus, it is not always necessary to address both *Strickland* prongs.  Moreover, a federal habeas court may intercede only if the petitioner can overcome the "doubly deferential" hurdle resulting from application of the standards imposed by § 2254(d) and *Strickland*.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011).

When a habeas petitioner alleges that his *appellate* counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the court first examines the merits of the omitted issue. *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir.1999).  If the omitted issue is meritless, then appellate counsel's failure to raise it does not amount to constitutionally ineffective assistance.  *Id*. If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial.  *Id.*  The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir.2001)(*citing Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

Here, petitioner claims appellate counsel in petitioner's direct

appeal failed to challenge the district court's evidentiary ruling regarding the proffered testimony as a violation of petitioner's constitutional right to present a defense.

A criminal defendant is constitutionally entitled to present his theory of defense, subject to statutory rules of evidence and case law interpreting those rules. *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973). *See United States v. Serrano*, 406 F.3d 1208, 1214 (10th Cir.2005)("A criminal defendant's right to present a defense is essential to a fair trial.")(citation omitted). The Due Process Clause does not guarantee a criminal defendant the right to introduce all relevant evidence, as evidence that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence may be properly excluded. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). Trial judges are afforded "wide latitude" to exclude evidence that is repetitive or only marginally relevant, or poses an undue risk of harassment, prejudice, or confusion of the issues, or is otherwise excluded through the application of evidentiary rules that serve the interests of fairness and reliability. *Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986).

In petitioner's postconviction proceeding, the state district court concluded the exclusion of Brown's proffered testimony did not deprive Brown his right to present a defense because Brown had testified at trial that Clayton had threated and shot Ray.[3] The district court further noted that even if the exclusion of this proffered testimony violated Brown's constitutional rights, the error was harmless given the overwhelming evidence linking Brown to the

---

[3]*Brown II* at * 5.

murder.[4]

The KCOA found the gist of petitioner's postconviction action was his claim that counsel in petitioner's direct appeal was ineffective in failing to properly frame the district court's exclusion of proffered testimony as denying petitioner his constitutional right to present a defense.[5]  Applying *de novo* review, the state appellate court first recognized that petitioner had a right under the state and federal constitutions to present his theory of defense, and a fundamental right to present witnesses in his defense.[6] The KCOA procedurally distinguished *Chambers* from petitioner's case, and questioned whether appellate counsel could ever be ineffective for failing to raise an issue not raised below by trial counsel.  But the state appellate court proceeded to review petitioner's claim on the merits by examining the trial court's decision in light of the four factors outlined in *Chambers* for determining whether the proffered testimony "bore persuasive assurances of trustworthiness," and finding three of the four factors were lacking.[7]

The KCOA thus concluded that Brown's appellate counsel was not

_____

[4]*Id.*

[5]*Brown II* at *6.

[6]*Brown II* at *7 (citing *Chambers v. Mississippi*, 410 U.S. 284 (1973)).

[8]*Brown II* at **7-11 (*citing Chambers*, 410 U.S. at 300-02).  In summarizing its review of the *Chambers* factors in petitioner's case, the KCOA stated that: "even if the issue regarding exclusion of the hearsay testimony had been framed as a constitutional issue, this court would nevertheless have found the testimony of the witnesses to be unreliable and inadmissible for several reasons, including: (1) The declarant was unavailable for cross-examination regarding the alleged statements; (2) the declarant's alleged statements were not made contemporaneously or near the time of the crime; and (3) the witnesses' proffered testimony was not corroborated by other evidence.

*Brown II* at *11.

ineffective because "even if appellate counsel had couched the hearsay issue as a constitutional issue instead of an evidentiary issue, it would not have changed the outcome of Brown's appeal."[8]  The KCOA thereby determined that the second *Strickland* prong had not been satisfied.

Petitioner fails to present any persuasive argument or authority that this state court decision involved an unreasonable application of *Strickland* or *Chambers.*  The court thus finds petitioner is not entitled to habeas corpus relief on his claim that he was denied his right to effective assistance of counsel in his direct appeal.

*Petitioner's Remaining Claims*

The court next finds petitioner is entitled to no relief on his remaining claims because they either lack constitutional merit, or because habeas review is barred by the procedural default doctrine.

Claims Not Entitled to Federal Habeas Relief

To the extent petitioner claims the state district and appellate courts erred in finding petitioner's proffered testimony did not satisfy the hearsay exception rule in K.S.A. 60-460(j) as a declaration against interest, petitioner is entitled to no relief. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to reexamine state-court determinations on state-law

---

[8]*Brown II* at *12.

questions). Instead, a federal court conducting habeas review is to defer to state court rulings on issues of state law. *See* 28 U.S.C. § 2254(a); *Lewis v. Jeffers,* 497 U.S 764, 780 (1990).

Additionally, petitioner is not entitled to relief to the extent he asserts a free standing claim of actual innocence where petitioner presents no new evidence in support of such a claim. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995) (to succeed on a claim of actual innocence, a habeas petitioner is required to "show that it is more likely than not that no reasonable juror would have convicted him in the light of ... new evidence"). Petitioner relies, instead, on facts available to him at the time of his trial. *See Cummings v. Sirmons*, 506 F.3d 1211, 1223-24 (10th Cir.2007) (new reliable evidence required to succeed on actual innocence claim).

<u>Procedurally Defaulted Claims</u>

To the extent petitioner contends he was denied the effective assistance of counsel during his criminal trial, challenges the sufficiency and reliability of the evidence supporting his state conviction, or claims judicial misconduct by the state district court judge, the court finds federal habeas review is barred by petitioner's procedural default in failing to present these specific claims in the state courts.

Under Kansas law, claims not argued or briefed on appeal are considered waived or abandoned. *State v. Martin,* 285 Kan. 994, *cert. denied* 555 U.S. 880 (2008). Federal habeas review of claims defaulted

pursuant to an independent and adequate state procedural rule is precluded absent a showing by the petitioner of cause for the default and actual prejudice resulting from the alleged violation of federal law, or a showing that a fundamental miscarriage of justice will result if the defaulted claims are not considered. *Coleman v. Thompson,* 501 U.S. 722, 751 (1991).

While the procedural default bar can be overcome in exceptional cases if the petitioner makes a compelling claim of actual innocence, *House v.* Bell, 547 U.S. 518, 522 (2006), the court finds petitioner makes no such showing in this case.   Notwithstanding petitioner's dogged insistence that Clayton killed the victim, he relies on evidence the state district court determined was unreliable and inadmissible.  Petitioner identifies no "new reliable evidence" that would show it "more likely than not…[that] no reasonable juror would find him guilty beyond a reasonable doubt." *Id*. at 537-38 (stating the standard to be satisfied to show actual innocence).

And because petitioner's claim of ineffective assistance of appellate counsel has no merit, it establish "cause" for petitioner's failure to raise any of these issues in petitioner's direct appeal. *See Mitchell v.. Gibson*, 262 F.3d 1036, 1057 (10th Cir.2001)("[if] the ineffective assistance claim itself has no merit, it cannot constitute cause for [a petitioner's] default in state court")(internal quotations omitted)).

Finding petitioner makes no showing of "cause and "prejudice"

to excuse his procedural default in presenting his remaining claims to the state courts, or that a "fundamental miscarriage of justice" will result if any of these claims are not considered, the court concludes it is procedurally barred from the considering any of these claims on these merits. *Coleman*, 501 U.S. at 724.

IT IS THEREFORE ORDERED that the petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 is denied.

**IT IS SO ORDERED.**

DATED:  This 21st day of December 2012 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge